145 F.3d 1342
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Morris HUNTER, Jr., Defendant-Appellant.
 No. 97-10219.
D.C. No. CR-96-00242-PMP.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted January 13, 1998.
Decided May 28, 1998.
 
 Appeal from the United States District Court for the District of Nevada Philip M. Pro, District Judge, Presiding.
 Before CHOY, SCHROEDER, WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Morris Hunter, Jr., appeals the denial of his motion to dismiss his indictment for bank robbery on the ground of double jeopardy following his withdrawal of his guilty plea. We affirm.
 
 I.
 
 3
 A district court's denial of a motion to dismiss on the ground of double jeopardy is reviewed de novo. See United States v. Lun, 944 F.2d 642, 644 (9th Cir.1991). The findings of fact on the government conduct that led to the motion are reviewed for clear error. See id.
 
 
 4
 The Double Jeopardy Clause of the Fifth Amendment bars repeated prosecutions of a defendant for the same offense. See Oregon v. Kennedy, 456 U.S. 667, 671, 102 S.Ct. 2083, 72 L.Ed.2d 416 (1982). As a general rule, the mere fact that a defendant enters a guilty plea, withdraws it, and is then retried on the same offense is not a double jeopardy violation. See Taylor v. Kincheloe, 920 F.2d 599, 605 (9th Cir.1990).
 
 
 5
 Hunter analogizes his situation to cases in which the defendant asks for a mistrial and then seeks to bar a retrial on the ground of double jeopardy because of prosecutorial intent to cause the defendant to ask for a mistrial. Ordinarily, when a defendant asks for a mistrial, the defendant "has elected to terminate the proceedings against him" and double jeopardy does not bar a retrial. See Oregon v. Kennedy, 456 U.S. at 672-73. There is one narrow exception to the general rule: Double jeopardy bars retrial when the prosecution has intentionally "goaded" the defendant into asking for a mistrial. See id. at 676 (explicitly rejecting a broader standard in which prosecutorial harassment was sufficient to bar retrial); United States v. McKoy, 78 F.3d 446, 449 (9th Cir.), cert. denied, --- U.S. ----, 117 S.Ct. 67, 136 L.Ed.2d 28 (1996); Lun, 944 F.2d at 644; United States v. Mitchell, 736 F.2d 1299, 1301 (9th Cir.1984).
 
 
 6
 By analogizing a withdrawal of a guilty plea to these mistrial cases, the rule would be that double jeopardy bars retrial when the prosecution has goaded the defendant into entering a guilty plea with the intent that the defendant later withdraw it so that a new trial results. We do not need to adopt this rule, because on the facts of this case, it is clear that the government did not intentionally goad the defendant into entering and later withdrawing his guilty plea in order to cause the equivalent of a mistrial.
 
 
 7
 First, the district court found that the government did not act intentionally to "cause Defendant Hunter to forego his right to trial by jury." This finding is not clearly erroneous. The trial judge watched the events unfold and heard the Assistant U.S. Attorney's description of events. There is no evidence to suggest that the Assistant U.S. Attorney acted intentionally. In fact, Hunter's defense counsel at trial conceded that the prosecutor's actions were not intentional. Second, Hunter repeatedly argues that the government acted with intent, but only intent to enter a plea bargain. Hunter does not point to any evidence suggesting governmental intent to force both entry and withdrawal of a guilty plea.
 
 
 8
 The district court did not err by denying Hunter's motion to dismiss his indictment on the ground of double jeopardy.
 
 II.
 
 9
 We likewise reject Hunter's alternative request for remand for an evidentiary hearing. There is nothing to suggest that the district court's inquiry into governmental conduct was inadequate. As we have noted before, "the nature of our review requires that we accord the district court sufficient latitude to conduct the proper inquiry under the circumstances of each case." United States v. Walker, 915 F.2d 480, 483 (9th Cir.1990). The defendant was given a full month to prepare for the hearing, the defendant failed to produce any evidence of governmental intent, and the trial judge listened to and inquired of both sides without any sign of prejudgment.
 
 
 10
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3